** Summary **
LIMITATIONS ON COUNTY SUPERINTENDENT OF SCHOOLS A person may not serve as a county superintendent of schools and concurrently be employed as a teacher, principal or superintendent by a dependent or independent school district in the county where he resides. The question of whether a county superintendent of schools may ethically accept employment as a teacher, principal or superintendent in a school district in another county is a question of fact which must be resolved initially by the official in question pursuant to 74 O.S. 1404 [74-1404] (1971), subject to official and judicial review. The Attorney General has considered your request for an opinion you ask the following question: May one person legally serve as county superintendent and be concurrently employed as a teacher, principal or superintendent by an independent or dependent school district? The question of whether a county superintendent of schools may be employed as a principal in a dependent school district was answered by this office in Attorney General Opinion No. 70-253, 3 Okl. Op. Atty. Gen. 246 (1970). That opinion held that an individual cannot simultaneously hold a position in the same county as principal of a dependent school district and county superintendent of schools because of conflicts of interest. We reaffirm that opinion. The remaining question is whether a county superintendent of schools may be employed as a superintendent, principal or teacher in an independent school district. Oklahoma's double office holding statute, 51 O.S. 6 [51-6] (1971), does not prohibit such employment; a number of previous opinions of the Attorney General have held that teachers, principals, and district superintendents are not "officers" within the meaning of that statute. However, the statutory duties of county superintendents may cause conflicts of interest in such employment. The powers and duties of the county superintendent of schools are enumerated in 70 O.S. 4-104 [70-4-104] (1971), which provides in part that: "The county superintendent of schools shall have general administrative direction and supervision of the schools of all dependent districts in the county, and shall cooperate with the superintendent of schools of the independent district and shall assist with Federal Administration Programs when requested to do so . . . . The county superintendent of schools shall: "2. . . . . He and such of his deputies and supervisors as he may direct to do so, may also visit schools in independent school districts of the county, and confer with teachers, officials and other personnel of such independent school districts, with the view of coordinating the systems, programs, curricula and activities of all of the schools and school districts of the county . . . . "7. Make apportionments of public funds to which the school districts of his county are entitled when not otherwise provided by law; "10. Perform all other duties which are now or may hereafter be prescribed by law or by regulations of the State Board of Education. " (Emphasis added) The quoted provisions of the statute make it clear that there are a number of situations in which conflicts of interest may arise between a person acting as an employee of an independent school district and the county superintendent of schools. Section 4-104 clearly contemplates that no single person should hold both positions. Under Section 70 O.S. 4-104 [70-4-104], if a single person acted as county superintendent and as an employee of an independent school district in the county, he might be required to visit, confer, and coordinate with himself concerning systems, programs, curricula and other activities of the independent school district. An even greater danger of conflicts of interest is created by the terms of 70 O.S. 4-106 [70-4-106] (1971). That statute provides in substance that the State Board of Education has authority to require the county superintendent to assist the State Board in the performance of any of the State Board's duties, functions and responsibilities in the county for which the county superintendent of schools has been elected or appointed. The State Board of Education has broad regulatory powers over all school districts in the state; this authority includes powers of classification, inspection, accreditation, and the administration of state aid and other financial assistance programs. A county superintendent who assists in carrying out these functions could not objectively deal with an independent school district in his county if he is employed by that district as a superintendent, principal, or teacher. His temptation would be to accord favoritism to the employing school district with relation to some or all of his duties as county superintendent and as an agent of the State Board of Education. The county superintendent of schools is also charged with the responsibility of issuing student transfers for all school districts. The procedures by which student transfers are granted are found in 70 O.S. 8-103 [70-8-103] (1971). The county superintendent receives a written application which designates the district to which the transfer is desired. The board of education of both the sending district and the receiving district have an opportunity to show cause why the transfer should or should not be granted. The county superintendent then makes a decision as to whether or not the transfer will be granted. A conflict of interest will arise if the transfer decision of a county superintendent is affected by the interest he has in a particular school district where he is employed as a teacher, principal or superintendent of schools. These possible conflicts between both positions occupied and duties performed would be entirely improper and not in the public interest. It is well established that a public officer owes an undivided duty to the public; he is not permitted to place himself in a position which will subject him to conflicting duties or expose him to the temptation of action in any manner other than the best interest of the public. See 63 Am.Jur.2d, Public Officers and Employees, 280-81. Therefore, a person may not legally serve as a county superintendent of schools while concurrently employed as a teacher, principal, or superintendent of an independent school district located in the county where he has jurisdiction. The conflict of interest considerations outlined above do not necessarily apply in cases where the county school superintendent is employed as a teacher, principal or superintendent of a school district in another county. Under 70 O.S. 4-104 [70-4-104] (1971), the jurisdiction of the county superintendent of schools is limited to the county from which he is elected or appointed, together with parts of dependent school districts located in contiguous counties under his supervision. The State Board of Education has no power under 70 O.S. 4-106 [70-4-106] (1971) to require a county superintendent to perform the State Board's functions and duties in any county other than the county for which the county superintendent of schools has been elected or appointed, although the State Board of Education may prescribe additional duties for county superintendents under 70 O.S. 4-104 [70-4-104](10) (1971). It cannot be concluded as a matter of law that the employment of a county superintendent of schools as a teacher, principal, or superintendent in an independent or dependent school district where he has no jurisdiction creates conflicts of interest. In each case, the question of whether the county superintendent of schools can perform his duties with undivided loyalty to the public becomes a question of fact to be decided initially by the individual involved, subject to official and judicial review. Under 74 O.S. 1404 [74-1404](f) (1971), no "state employee," as broadly defined in the Oklahoma Code of Ethics for State Officials and Employees Act of 1968, may "accept other employment which would impair his efficiency or independence of judgment in the performance of his public duties." This statutory requirement is binding on county superintendents of schools. Therefore, it is the opinion of the Attorney General that the statutory duties of county superintendents, when considered together with the duties of all public officers to avoid conflicts of interest and to perform their duties with undivided loyalty to the public require that the county superintendent shall not accept employment as a teacher, principal, or superintendent of schools in a dependent or independent school district located in the county where he has jurisdiction. It cannot be concluded as a matter of law that a county superintendent will have conflicts of interest in accepting employment as a teacher, principal, or superintendent in a school district located in an area where he has no jurisdiction. This question should be resolved initially by the county superintendent of schools in question after due consideration of the Oklahoma Code of Ethics for State Officials and Employees, 74 O.S. 1401 [74-1401] — 74 O.S. 1416 [74-1416]. To the extent that an opinion of the Attorney General dated March 2, 1956, and addressed to Mr. George Alge is inconsistent with this opinion, it is hereby overruled. (C. Larry Pain) ** SEE: OPINION NO. 73-199 (1973) **